UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL W. LAQUE,

      Plaintiff,

v.                                 Case No. 3:17cv99-RV-CJK

MICHAEL ADKINSON, et al.,

      Defendants.

_____/

## ORDER and
## REPORT AND RECOMMENDATION

This cause is before the court on plaintiff's amended civil rights complaint. (Doc. 17). From a review of plaintiff's allegations, it is evident the facts as presented fail to support a viable claim for relief as to defendant Clark. The Eighth Amendment claim against Clark, therefore, should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and this case should be referred to the undersigned for further proceedings on plaintiff's Eighth Amendment deprivation of medical care claim against defendants Adkinson, Sheppard, and Weeks.

## BACKGROUND

Plaintiff is currently incarcerated at the Escambia County Jail. At the time of the events described in the amended complaint, he was confined at the Walton County Jail ("WCJ"). The complaint names 4 defendants: Michael Adkinson, the

Walton County Sheriff; James Sheppard, a doctor at the WCJ; Major Donald Clark, an administrator at the WCJ; and Cindy Weeks, a nurse and administrator of the WCJ medical department. The complaint sets forth the factual allegations that follow.

During his incarceration at WCJ from December 30, 2016, to July 12, 2017, plaintiff "was experiencing an extremely bad dental issue[.]" He has "a left rear molar which has lost a filling (i.e. hollowed out tooth) which has since cracked down to the gum line exposing roots and nerve endings. The remainder of the tooth above the gum line has very little enamel left to protect it due to the tooth being drilled to insert the now missing filling." Plaintiff is "constantly in extreme pain, [has] headaches, difficulty eating, some fever when in abscess, and periodic bleeding from the gum area around the affected tooth."

On January 6, 2017, "Nurse Cindy Weeks and nursing staff denied [plaintiff] a dental visit without family/friend 'making payment arrangements.'" On January 20, 2017, the "molar developed an abscess causing loss of sleep and an eventual admission to the jail infirmary." Medical staff at the WCJ "started [plaintiff] on clindamycin (an antibiotic) on [January 21, 2017,] and 600 mg Ibuprofen and salt water (2x) daily but still no dentist." Plaintiff submitted multiple sick-call requests and was taken to the medical department on 3 occasions, but he was told "there's

nothing we can do" and did not receive additional treatment. Nurse Weeks informed plaintiff the jail would transport him to a dentist if he could pay for it.

Plaintiff wrote a grievance on January 21, 2017, concerning his treatment; Nurse Weeks responded, noting she saw him at 12:30 a.m. and Escambia County "would not pay for a dental visit unless [he met] the criteria for care." Plaintiff appealed the grievance, claiming he had not seen a doctor and could not afford to pay for a visit to the dentist. On January 23, "the tooth abscessed again and was given the same response." Plaintiff requested treatment from Escambia County on January 25, but "they stated that all [plaintiff's] medical care was coordinated through Walton Co. and [he requested] assistance [from] the wrong forum."

On January 31, plaintiff requested assistance from Major Clark through the grievance system. Clark, however, "passed the buck to Escambia County and provided no assistance whatsoever." Plaintiff continued to experience problems with the tooth and was readmitted to the infirmary on March 17. Dr. Sheppard examined plaintiff but did not schedule a dental visit "despite a clear need to remove [plaintiff's] molar." Plaintiff returned to the general population on March 20.

Based on the foregoing, plaintiff alleges his Eighth Amendment rights have been violated because he has been denied needed treatment due to his inability to pay for it. As relief, he seeks "proper medical/dental treatment without payment (i.e. extract tooth)" and $50,000 in damages.

DISCUSSION

Title 28 U.S.C. § 1915 mandates that the district court dismiss an *in forma pauperis* action if the court determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  *See Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  In applying the standard, the court accepts all well-pleaded factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff.  *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994); *see also Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (holding that courts must follow the Supreme Court's "'two-pronged approach' of first separating out the complaint's conclusory legal allegations and then determining whether the remaining well-pleaded factual allegations, accepted as true, 'plausibly give rise to an entitlement to relief.'") (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

As the Supreme Court reiterated in *Iqbal*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 678. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility that the defendant acted unlawfully is insufficient to survive dismissal for failure to state a claim. *Id.* The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, that is, "across the line from conceivable to plausible." *Id.* at 570.

Here, plaintiff alleges that on January 31, 2017, he wrote a grievance to Major Clark and asked for assistance obtaining dental care. Clark "passed the buck to Escambia County and provided no assistance whatsoever." Plaintiff cannot state an Eighth Amendment claim against Clark because the denial of a grievance is insufficient to establish liability under § 1983. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) ("[D]enial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (refusing to impose liability under § 1983 on supervisory official

who denied administrative grievance and otherwise failed to act based on information contained in the grievance). Furthermore, non-medical prison officials are entitled to rely on the judgment of medical personnel with respect to an inmate's treatment. *See Lynch v. Jackson*, 478 F. App'x 613, 619 (11th Cir. 2012) ("Prison officials who rely on medical personnel for the clinical determinations lack the requisite knowledge for deliberate indifference, absent evidence that clinical determination were unreliable.") (*citing Howell v. Burden,* 12 F.3d 190, 191, 194 (11th Cir. 1994)). Thus, the claim against defendant Donald should be dismissed and the case allowed to proceed against the remaining defendants.

Accordingly, it is ORDERED:

1.  The clerk shall prepare a Notice of a Lawsuit and Request to Waive Service of a Summons (For Use by Prisoners and Pro Se Plaintiffs Proceeding In Forma Pauperis) form for defendants Adkinson, Sheppard, and Weeks.[*] The clerk shall send the forms to plaintiff.

2.  Within **30 days** from the date of this order, plaintiff shall **sign** and **return to the clerk** the Notice of a Lawsuit and Request to Waive Service of a Summons forms. Plaintiff shall make no other modifications to the forms.

---

[*] The clerk shall fill in the caption, the case number, and the name of the defendant on the form. Additionally, the clerk shall fill in "30" in the space indicating the number of days within which the defendant must return the signed waiver.

3.     Within **30 days** from the date of this order, plaintiff shall submit to the court **3 identical service copies of the amended complaint** (doc. 17).  This case number should be written on the copies and the copies must be identical to the amended complaint on file with the court.

And it is respectfully RECOMMENDED:

1.     That plaintiff's Eighth Amendment claim against defendant Clark be DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii) for plaintiff's failure to state a claim upon which relief can be granted.

2.     That this matter be referred to the undersigned for further proceedings on plaintiff's Eighth Amendment claim against defendants Adkinson, Sheppard, and Weeks.

At Pensacola, Florida, this 9th day of August, 2017.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the Magistrate Judge and all other parties.  A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.