UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL W. LAQUE,

    Plaintiff,

v.                                        Case No. 3:17cv99-RV-CJK

MICHAEL ADKINSON, et al.,

    Defendants.
_____/

## ORDER and
## REPORT AND RECOMMENDATION

This matter is before the court on defendants' motion to dismiss the amended complaint. (Doc. 33). Plaintiff responded by filing a "Motion Requesting Escambia County Jail Administration and Medical Department be Joined to Civil Rights Lawsuit/Request for Leave to Amend Accordingly." (Doc. 36). The matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). After reviewing the parties' submissions, the undersigned recommends that defendants' motion to dismiss be granted in part and denied in part, and plaintiff's motion be granted.

## BACKGROUND

Plaintiff is currently incarcerated at Blackwater River Correctional Facility in Milton, Florida. At the time of the events described in the amended complaint, he

faced criminal charges in Escambia County but was detained at the Walton County Jail ("WCJ"). The complaint names 4 defendants: Michael Adkinson, the Walton County Sheriff; James Sheppard, a doctor at the WCJ; Major Donald Clark, an administrator at the WCJ; and Cindy Weeks, a nurse and administrator of the WCJ medical department.[1] The complaint sets forth the factual allegations that follow.

During his incarceration at WCJ from December 30, 2016, to July 12, 2017, plaintiff "was experiencing an extremely bad dental issue[.]" He has "a left rear molar which has lost a filling (i.e. hollowed out tooth) which has since cracked down to the gum line exposing roots and nerve endings. The remainder of the tooth above the gum line has very little enamel left to protect it due to the tooth being drilled to insert the now missing filling." Plaintiff is "constantly in extreme pain, [has] headaches, difficulty eating, some fever when in abscess, and periodic bleeding from the gum area around the affected tooth."

On January 6, 2017, "Nurse Cindy Weeks and nursing staff denied [plaintiff] a dental visit without family/friend 'making payment arrangements.'" On January 20, 2017, the "molar developed an abscess causing loss of sleep and an eventual admission to the jail infirmary." Medical staff at the WCJ "started [plaintiff] on clindamycin on [January 21, 2017,] and 600 mg Ibuprofen and salt water (2x) daily

---

[1] Clark was previously dismissed from the case due to plaintiff's failure to state a claim on which relief can be granted. (Docs. 19, 24).

Case No. 3:17cv99-RV-CJK

but still no dentist." Plaintiff submitted multiple sick-call requests and was taken to the medical department on 3 occasions, but he was told "there's nothing we can do" and did not receive additional treatment. Nurse Weeks informed plaintiff the jail would transport him to a dentist if he could pay for it.

Plaintiff wrote a grievance on January 21, 2017, concerning his treatment; Nurse Weeks responded, noting she saw him at 12:30 a.m. and Escambia County "would not pay for a dental visit unless [he met] the criteria for care." Plaintiff appealed the grievance, claiming he had not seen a doctor and could not afford to pay for a visit to the dentist. On January 23, "the tooth abscessed again and was given the same response." Plaintiff requested treatment from Escambia County on January 25, but "they stated that all [plaintiff's] medical care was coordinated through Walton Co. and [he requested] assistance [from] the wrong forum."

On January 31, 2017, plaintiff requested assistance from Major Clark through the grievance system. But Clark, says plaintiff, "passed the buck to Escambia County and provided no assistance whatsoever." Plaintiff continued to experience problems with the tooth and was readmitted to the infirmary on March 17. Dr. Sheppard examined plaintiff but did not schedule a dental visit "despite a clear need to remove [plaintiff's] molar." Plaintiff returned to the general population on March 20.

Based on the foregoing, plaintiff alleges his Fourteenth Amendment rights have been violated because he has been denied needed treatment due to his inability to pay for it.[2] As relief, he seeks "proper medical/dental treatment without payment (i.e. extract tooth)," $50,000 in damages, and "proper dental treatment in future for indigent inmates."

## DISCUSSION

Defendants have moved to dismiss the amended complaint, asserting his claim for injunctive relief is moot and his claim for damages should be dismissed for failure to join an indispensable party.

"If events that occur subsequent to the filing of a lawsuit . . . deprive the court of the ability to give the plaintiff . . . meaningful relief, then the case is moot and must be dismissed." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001). "The general rule is that a prisoner's transfer or release from a jail moots his individual claim for declaratory and injunctive relief." *McKinnon v. Talladega Cty., Ala.*, 745 F.2d 1360, 1363 (11th Cir. 1984) (citation omitted); *see also Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir. 1988) (holding inmate's claims for

---

[2] The amended complaint alleged an Eighth Amendment violation, but, as a pretrial detainee, plaintiff's claims fall under the Fourteenth Amendment. *See Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996) ("Claims involving the mistreatment of arrestees or pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause instead of the Eighth Amendment's Cruel and Unusual Punishment Clause, which applies to such claims by convicted prisoners. However, the applicable standard is the same, so decisional law involving prison inmates applies equally to cases involving arrestees or pretrial detainees.") (citations omitted).

Case No. 3:17cv99-RV-CJK

injunctive and declaratory relief relating to conditions at a facility at which inmate was no longer incarcerated were moot); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) ("[A]n inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred.").

"Although there is an exception to the mootness doctrine when the action being challenged by the lawsuit is capable of being repeated *and* evading review, [the Eleventh Circuit has] held that 'this exception is "narrow," and applies only in "exceptional situations."'" *Soliman v. U.S. ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002) (*quoting Al Najjar*, 273 F.3d at 1336). "[T]he exception can be invoked only when '(1) there [is] a reasonable expectation or a demonstrated probability that the *same* controversy will recur involving the *same* complaining party, and (2) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration.'" *Id.* at 1242-43 (*quoting Sierra Club v. Martin,* 110 F.3d 1551, 1554 (11th Cir. 1997)).

Here, because plaintiff has been transferred from the Walton County Jail to Blackwater River Correctional Facility, his claim for injunctive relief against the officials responsible for dental care at the Walton County Jail is moot. *See Wahl*, 773 F.2d at 1173 ("Past exposure to illegal conduct does not constitute a present case or controversy involving injunctive relief if unaccompanied by any continuing,

Case No. 3:17cv99-RV-CJK

present adverse effects."). In addition, plaintiff does not satisfy the exception to the mootness doctrine. He is not scheduled to be released from the custody of the Florida Department of Corrections until 2020.[3] The possibility that plaintiff will be rearrested and placed in the Walton County Jail upon his release, or that he would be transferred there while serving his sentence, is too speculative to meet the exception. *See Al Najjar*, 273 F.3d at 1336 ("The remote possibility that an event might recur is not enough to overcome mootness, and even a likely recurrence is insufficient if there would be ample opportunity for review at that time."). Plaintiff's claim for injunctive relief, therefore, should be dismissed.

Defendants also argue plaintiff's claim for damages should be dismissed under Federal Rule of Civil Procedure 12(b)(7) for failure to join an indispensable party under Rule 19. Federal Rule of Civil Procedure 19 provides,

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> > (i) as a practical matter impair or impede the person's ability to protect the interest; or

---

[3] *See* http://www.dc.state.fl.us/OffenderSearch/Search.aspx (last visited Mar. 5, 2018).

Case No. 3:17cv99-RV-CJK

> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).  "[P]ragmatic concerns, especially the effect on the parties and the litigation, control [the Rule 19(a)] analysis." *Fla. Wildlife Fed'n Inc. v. U.S. Army Corps of Eng'rs*, 859 F.3d 1306, 1316 (11th Cir. 2017) (quotation omitted).

Defendants argue Escambia County is an indispensable party because the County was obligated to provide dental care for plaintiff.  Escambia County and the Walton County Sheriff's Office "entered into an agreement for the temporary housing of Escambia County inmates at the Walton County Jail."  (Doc. 33, p. 10). Defendants claim that, under the agreement, Escambia County was responsible for providing transportation for all Escambia County inmates for outside medical care and "providing all dental care and mental healthcare services for Escambia County inmates housed at [the Walton County Jail]."  (Doc. 33-1, p. 2-3).

After defendants filed their motion to dismiss, plaintiff filed a "Motion Requesting Escambia County Jail Administration and Medical Department be Joined to Civil Rights Lawsuit/Request for Leave to Amend Accordingly."  (Doc. 36).  After reviewing the contract between Escambia County and the Walton County Sheriff's Office, plaintiff agrees Escambia County is an indispensable party and should be added as a defendant in this case.

Case No. 3:17cv99-RV-CJK

Although defendants argue dismissal is appropriate due to plaintiff's failure to join Escambia County, defendants have not identified why the County cannot currently be joined as a party. *See* Fed. R. Civ. P. 19(a)(2) ("If a person has not been joined as required, the court must order that the person be made a party."); *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1280 (11th Cir. 2003) (concluding "the standard for dismissal under Rule 19(b) is unmet" because the moving party "has identified no reason why [the absent party] cannot be joined in this action"). Plaintiff, therefore, should be permitted to file a second amended complaint that adds Escambia County as a named defendant.[4]

Accordingly, it is ORDERED:

1. The clerk shall send plaintiff a civil rights complaint form for use in actions under 42 U.S.C. § 1983. This case number and the words "Second Amended Complaint" should be written on the form.

And it is respectfully RECOMMENDED:

1. That defendants' motion to dismiss (doc. 33) be GRANTED IN PART and DENIED IN PART as follows. That plaintiff's claims for injunctive relief be

---

[4] Plaintiff suggests the "Escambia County Jail Administration" and the "Escambia County Jail Healthcare Provider" should be added as defendants. Even assuming such entities exist, they are not amenable to suit. Because Escambia County entered into the contract with the Walton County Sheriff's Office, the proper defendant is Escambia County.

Case No. 3:17cv99-RV-CJK

dismissed as moot. That defendants' motion to dismiss this action based on plaintiff's failure to join a party under Rule 19 be denied.

2. That plaintiff's "Motion Requesting Escambia County Jail Administration and Medical Department be Joined to Civil Rights Lawsuit/Request for Leave to Amend Accordingly" (Doc. 36) be GRANTED. That plaintiff be ordered to submit a second amended complaint within 30 days that adds Escambia County as a defendant.

At Pensacola, Florida, this 13th day of March, 2018.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:17cv99-RV-CJK