UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL W. LAQUE,

    Plaintiff,

v.                                     Case No. 3:17cv99-RV-CJK

MICHAEL ADKINSON, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on defendant Escambia County's motion to dismiss. (Doc. 54). Plaintiff responded in opposition. (Doc. 64). The matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). After reviewing the parties' submissions, the undersigned recommends that the motion to dismiss be granted because plaintiff failed to identify a County policy which led to the alleged violation of plaintiff's constitutional rights.

## BACKGROUND

Plaintiff is currently incarcerated at Blackwater River Correctional Facility in Milton, Florida. At the time of the events described in the second amended complaint, he faced criminal charges in Escambia County but was detained at the

Walton County Jail ("WCJ").  The complaint names 4 defendants: Michael Adkinson, the Walton County Sheriff; James Sheppard, a doctor at the WCJ; Cindy Weeks, a nurse and administrator at the WCJ; and Escambia County.  The complaint sets forth the factual allegations that follow.

In December 2016, plaintiff "was experiencing an extremely bad dental issue" which caused severe pain.  He complained about the issue to officials at the Escambia County Jail on December 15.  Shortly thereafter, he was transferred to the WCJ and his condition worsened.  On December 30, he notified the WCJ medical department that he had "a left rear molar which has lost a filling (i.e. hollowed out tooth) which had cracked down into the gumline exposing roots and nerve endings. The remainder of the tooth above the gumline had very little enamel left to protect it due to the tooth being drilled out to insert the missing filling."  Plaintiff's "pain was constant, inducing headaches, nausea, difficulty eating, some fever when in abscess, and periodic bleeding and puss discharge from the gum area around the affected tooth."

On January 6, 2017, "Nurse Cindy Weeks and nursing staff denied [plaintiff] a dental visit/dentist 'without a family member or friend making payment arrangements.'"  On January 20, the "molar developed an abscess resulting in an eventual admission to the . . . infirmary."  Medical staff at the WCJ "started [plaintiff] on clindamycin on [January 21] and 600 mg Ibuprofen (2x) daily with salt

water rinses, but [plaintiff] still saw no doctor or dentist." At this point, plaintiff had submitted several sick-call requests and had been taken to the medical department on three occasions, but staff said, "there's nothing we can do." Plaintiff "continually addressed this issue with Nurse Cindy Weeks yet she continued to give [plaintiff] medication which was a buffer [at] best, not a cure." Weeks repeatedly told plaintiff the jail would transport him to a dentist if he could pay for it.

Plaintiff wrote a grievance on January 21 concerning the lack of treatment; Nurse Weeks responded, noting she saw him at 12:30 a.m. and Escambia County "would not pay for a dental visit unless [he] met the criteria for care." Plaintiff appealed the grievance, claiming he had not seen a doctor and could not afford to pay for a visit to the dentist. On January 23, "the tooth abscessed again, and the same response was given." Plaintiff requested treatment from Escambia County on January 25, but "they stated that all [plaintiff's] medical care was coordinated through Walton County medical department and seeking it through them was the wrong forum."

On January 31, plaintiff requested assistance from Major Donald Clark, an administrator at the WCJ. But Clark, says plaintiff, "passed the buck to Escambia County and provided absolutely no assistance whatsoever." On March 17, plaintiff's symptoms recurred and he was readmitted to the infirmary. Dr. James Sheppard examined plaintiff but did not schedule a dental visit "despite a clear need to remove

the affected molar." Plaintiff returned to the general population on March 20 and stopped requesting assistance.

On July 12, 2017, plaintiff returned to the Escambia County Jail but "all future requests for dental treatment fell on deaf ears." After being taken into FDOC custody on November 22, a dentist performed an intake dental exam and told plaintiff he had "some teeth that need [to be] removed and some [that] need [to be] filled." The molar was removed on February 1, 2018.[1]

Based on the foregoing, plaintiff alleges the defendants denied him needed dental treatment in violation of the Fourteenth Amendment due to his inability to pay for the treatment. As relief, he seeks $50,000 in damages.

On January 12, 2018, defendants Adkinson, Sheppard, and Weeks moved to dismiss plaintiff's amended complaint. (Doc. 33). They argued in part that Escambia County is an indispensable party to this action because the County was contractually responsible for providing dental care to Escambia County inmates housed at the WCJ. (*Id.*, p. 7-11). Plaintiff agreed and moved to add the County as a defendant. (Doc. 36). On March 13, 2018, the undersigned entered a report

---

[1] Plaintiff attached several requests and grievances to the second amended complaint concerning his desire for treatment while at the WCJ. (Doc. 39, p. 13-28). The court may consider these materials when ruling on Escambia County's motion to dismiss. *See Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) ("A district court can generally consider exhibits attached to a complaint in ruling on a motion to dismiss, and if the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls.").

recommending that: (1) defendants Adkinson, Sheppard, and Weeks' motion to dismiss be granted in part and denied in part; and (2) plaintiff's "Motion Requesting Escambia County Jail Administration and Medical Department be Joined to Civil Rights Lawsuit/Request for Leave to Amend Accordingly" be granted. (Doc. 37). The District Judge adopted the Report and Recommendation and ordered plaintiff to submit a second amended complaint adding Escambia County as a defendant. (Doc. 38).

Escambia County has now moved to dismiss the second amended complaint, claiming it fails to state a claim upon which relief may be granted. (Doc. 54). Specifically, the County argues plaintiff failed to allege facts suggesting he suffered from a serious medical need or that deliberate indifference was shown to that need. The County also argues plaintiff has not alleged: (1) the County had subjective knowledge of a serious condition requiring the care of a dentist; or (2) any deliberate indifference was the result of the County's policy, custom, or practice.

LEGAL STANDARD

In considering a motion to dismiss for failure to state a claim, the court reads plaintiff's *pro se* allegations in a liberal fashion, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), accepts all factual allegations in the complaint as true, and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994). A few

exceptions exist to this rule, such as where the facts alleged are internally inconsistent or where they run counter to facts of which the court can take judicial notice. 5B Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1357 (2008). Further, only <u>well-pleaded</u> factual allegations are taken as true and only <u>reasonable</u> inferences are drawn in favor of the plaintiff. *See Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992); *see also Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true"). Mere "labels and conclusions" are not accepted as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (noting courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); *Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009) (explaining that conclusory allegations are not entitled to a presumption of truth).

As the Supreme Court reiterated in *Iqbal*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 678. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility the defendant acted unlawfully is insufficient to

survive dismissal for failure to state a claim. *Id.* The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, or, "nudge[] the[] claim[] across the line from conceivable to plausible[.]" *Id.* at 570.

## DISCUSSION

A § 1983 claim may arise when prison officials act with deliberate indifference to an inmate's serious medical needs in violation of the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *see also Harris v. Thigpen*, 941 F.2d 1495, 1504 (11th Cir. 1991) ("Federal and state governments . . . have a constitutional obligation to provide minimally adequate medical care to those whom they are punishing by incarceration."). "To prevail on a deliberate indifference to serious medical need claim, Plaintiffs must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009). "[T]he medical need must be one that, if left unattended, poses a substantial risk of serious harm." *Id.* at 1307 (*quoting Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003)).

To show deliberate indifference, a plaintiff must prove: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence." *Goodman v. Kimbrough*, 718 F.3d 1325, 1331-32

(11th Cir. 2013) (*quoting Townsend v. Jefferson Cty.*, 601 F.3d 1152, 1158 (11th Cir. 2010)). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

To support deliberate indifference, the defendant's response to the medical need must be more than "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000) (citation and quotations omitted). Prison officials may avoid Eighth Amendment liability by showing, for example: (1) "that they did not know of the underlying facts indicating a sufficiently substantial danger and that they were therefore unaware of a danger;" (2) "they knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent;" or (3) "they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844.

Escambia County claims plaintiff did not have a serious medical need because he "does not allege that any medical professional ever determined that [his] condition required treatment by a dentist." (Doc. 54, p. 5). Plaintiff, however, is not required to allege a medical professional recommended treatment from a dentist to establish a serious medical need. *See Mann*, 588 F.3d at 1307 ("A serious medical need is 'one that has been diagnosed by a physician as mandating treatment *or* one

Case No. 3:17cv99-RV-CJK

that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'") (*quoting Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994)) (emphasis added).

Here, plaintiff says the condition of his molar caused severe pain, headaches, nausea, difficulty eating, multiple abscesses, fever, periodic bleeding, and puss discharge. These allegations are sufficient, at the motion to dismiss stage, to demonstrate a serious medical need. *See Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004) (holding inmate who "suffered extreme pain from loose and infected teeth, which caused blood to seep from his gums, swelling, and difficulty sleeping and eating" had "a need for medical attention that would have been obvious to a layperson"); *see also Farrow*, 320 F.3d at 1243-44 ("In certain circumstances, the need for dental care combined with the effects of not receiving it may give rise to a sufficiently serious medical need to show objectively a substantial risk of serious harm.").

Next, Escambia County asserts the second amended complaint fails to state a claim for deliberate indifference "because it merely alleges Plaintiff's personal disagreement with medical staff at [the WCJ] regarding the proper course of his treatment." (Doc. 54, p. 5). While plaintiff did receive some treatment for his dental complaints, his allegations are sufficient to state a claim of deliberate indifference. Notably, plaintiff alleges the condition of his molar repeatedly caused abscesses that

resulted in multiple admissions to the infirmary, including at least one admission that lasted several days. Although medical staff provided ibuprofen and antibiotics, they did not refer plaintiff to a dentist or address the underlying cause of the recurring abscesses or plaintiff's symptoms. *See McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999) ("deliberate indifference may be established by a showing of grossly inadequate care as well as by a decision to take an easier but less efficacious course of treatment"). These allegations, coupled with plaintiff's complaints to the WCJ medical staff regarding his symptoms, suggest staff disregarded a known risk of serious harm by conduct that is more than negligent.

Escambia County, however, also asserts dismissal is appropriate because the complaint "rests *solely* on a theory of vicarious liability and contains no factual allegations that an official custom, policy, or practice of Escambia County was the moving force behind the alleged deliberate indifference." (Doc. 54, p. 10). "[M]unicipalities 'can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" *Knight through Kerr v. Miami-Dade Cty.*, 856 F.3d 795, 819 (11th Cir. 2017) (*quoting Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978)). "This liability is premised on a constitutional violation carried out by the County itself and cannot be

based on theories of respondeat superior or vicarious liability." *Id.*; *see also Grech v. Clayton Cty., Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003) ("A county's liability under § 1983 may not be based on the doctrine of respondeat superior.").

"To establish a county's policy, a plaintiff must 'identify either (1) an officially promulgated county policy or (2) an unofficial custom or practice of the county shown through the repeated acts of a final policymaker for the county.'" *Knight*, 856 F.3d at 819 (*quoting Grech*, 335 F.3d at 1329). "Because a county rarely will have an officially-adopted policy of permitting a particular constitutional violation, most plaintiffs . . . must show that the county has a custom or practice of permitting it and that the county's custom or practice is the moving force behind the constitutional violation." *Grech*, 335 F.3d at 1330 (quotations and alterations omitted); *see also Craig v. Floyd Cty.*, 643 F.3d 1306, 1310 (11th Cir. 2011) (The plaintiff "must prove that [the county] had a 'policy or custom' of deliberate indifference that led to the violation of his constitutional right.").

Plaintiff makes the conclusory assertion that "the policies employed and endorsed by" Escambia County "provide no dental care for indigent inmates, with no dentist on staff [at] either [the WCJ or the Escambia County Jail] despite the apparent need." (Doc. 39, p. 8-9). However, the factual allegations in the complaint—and the materials attached thereto—indicate the "moving force" behind

the alleged constitutional violation was not Escambia County policy, but the treatment decisions rendered by the WCJ medical staff.

The WCJ's response to a grievance appeal, dated January 11, 2017, indicated "[t]he medical staff have stated that you do not need to see a dentist at this time. You may request a dental visit from Escambia County, but the medical staff at Walton have assessed your dental issue and find no[] reason for a visit to a dentist at this time." (*Id.*, p. 16). In another grievance appeal response, WCJ staff stated, "You have been seen by medical staff and they are treating you. We have no basis for referring you to a dentist at this time." (*Id.*, p. 20). The responses to these grievance appeals demonstrate the WCJ medical staff was responsible for not referring plaintiff to a dentist.

Similarly, in response to a grievance about plaintiff's treatment, Nurse Weeks stated, "[Escambia County Jail] is not going to pay for a dental trip unless you meet the criteria for care." (*Id.*, p. 20). Discussing Weeks' response, plaintiff says it is "obvious[] Walton County Medical Department was determining" he did not meet the criteria for a dental visit. (*Id.*, p. 7). Plaintiff, therefore, is alleging the "moving force" behind the alleged constitutional violation was not Escambia County policy, but the decisions made by the WCJ medical staff.

Case No. 3:17cv99-RV-CJK

Plaintiff notes he submitted a request to Escambia County officials concerning his treatment.[2] The officials directed plaintiff to refer complaints regarding his care to the Walton County medical department. Plaintiff also asserts an administrator of the WCJ named Donald Clark told plaintiff his complaints would be forwarded to Escambia County for a response. Plaintiff, however, never received a response.

This correspondence does not demonstrate the County maintained an unconstitutional policy that could subject it to liability under § 1983. Instead, it confirms the County relied on the WCJ's medical staff to make decisions concerning the necessity of dental care for inmates. Absent allegations the County knew the WCJ's clinical determinations were incorrect on a widespread basis, plaintiff has not established the County's reliance on those determinations constituted a policy of deliberate indifference. *See Hines v. Parker*, 725 F. App'x 801, 806 (11th Cir. 2018)

---

[2] A copy of the grievance is attached to the amended complaint (doc. 17), but not the second amended complaint (doc. 39). The response to the requests states:

> Your medical care is not coordinated through this form. It is coordinated through the Walton Medical Department. All discussions and topics reference your medical treatment need to be with the Walton Medical department only. Escambia County no longer has a Dentist on Staff and will no longer be transporting patients to Escambia for dental work. If you have any medical concerns you need to submit a sick call request to be evaluated by the Walton Medical Doctor. The medical doctor will prescribe you the proper treatment that is medically necessary. For dental work it is up to you and your family to coordinate payment and care for your dental treatment with Walton's contracted dentist and Walton will transport you to your appointments.

(Doc. 17, p. 19).

Case No. 3:17cv99-RV-CJK

("To impose liability on municipal actors for a custom or policy, a plaintiff must prove that the municipality adopted an official policy of, or engaged in a persistent and widespread practice of acting with, deliberate indifference to the known or obvious consequences of their conduct."); *Craig*, 643 F.3d at 1310 ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability against a municipality. . . . A single incident would not be so pervasive as to be a custom, because a custom must be such a longstanding and widespread practice that it is deemed authorized by the policymaking officials because they must have known about it but failed to stop it[.]") (citations, quotations, and alteration omitted). Plaintiff, therefore, has not stated a viable Eighth Amendment claim against Escambia County under § 1983.

Accordingly, it is respectfully RECOMMENDED:

That defendant Escambia County's motion to dismiss (doc. 54) be GRANTED, and plaintiff's claims against the County be DISMISSED.

At Pensacola, Florida, this 12th day of July, 2018.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served on the Magistrate Judge and all other parties.  A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.