UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL W. LAQUE,

    Plaintiff,

v.                                       Case No. 3:17cv99-RV-CJK

MICHAEL ADKINSON, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on Escambia County's Motion for Certification of Judgment Pursuant to Rule 54(b). (Doc. 75). On July 12, 2018, the undersigned issued a report recommending that Escambia County's motion to dismiss be granted, and plaintiff's claims against the County be dismissed. (Doc. 69). The District Judge adopted the Report and Recommendation on September 10, 2018, and judgment was entered in favor of the County. (Docs. 73, 74). Although plaintiff's Fourteenth Amendment claim against defendants Adkinson, Sheppard, and Weeks remains pending, Escambia County has moved to certify the judgment as "final" under Fed. R. Civ. P. 54(b). The court gave plaintiff an opportunity to respond to the motion (doc. 76), but he has not done so.

Federal Rule of Civil Procedure 54 provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b). "The Rule provides an exception to the general principle that a final judgment is proper only after the rights and liabilities of all the parties to the action have been adjudicated." *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997).

"As a prerequisite to Rule 54(b) certification, the district court must evaluate whether there is any just reason to delay the appeal of individual final judgments. The question requires the district court to balance judicial administrative interests and relevant equitable concerns. Consideration of the former factor is necessary to ensure that application of the Rule effectively preserves the historic federal policy against piecemeal appeals. The latter factor serves to limit Rule 54(b) certification to instances in which immediate appeal would alleviate some danger of hardship or injustice associated with delay." *Id.* at 165-66 (citations and quotations omitted).

Here, Escambia County argues: (1) certification of the judgment "will not create piecemeal appeals because Plaintiff's claims against the County are separable and legally distinct from his claims against the other Defendants" and "the claims against the County have a different basis for dismissal so there would be no

duplicative arguments or claims made between the district court and the appellate court"; and (2) "there is a clear and pressing need for certification . . . because there are no remaining claims against the County" and "it would be inequitable for the County to remain a party to this litigation."

The County has not established the posture of this case "warrants a departure from the general rule, which provides that a final judgment is proper only after the rights and liabilities of all the parties to the action have been adjudicated." *Ebrahimi*, 114 F.3d at 167; *see also Morrison-Knudsen Co., Inc. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981) ("Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties."). Although the allegations against Escambia County and the remaining defendants are not identical, plaintiff has alleged the County, like the other defendants, showed deliberate indifference to plaintiff's dental needs. *See Archer*, 655 F.2d at 965 (noting that when evaluating Rule 54(b) certification, a court should consider "whether, upon any review of the judgment entered under the rule, the appellate court will be required to address legal or factual issues that are similar to those contained in the claims still pending before the trial court"). And notwithstanding Escambia

County's conclusory assertion of inequity, it has not demonstrated how denying certification of a judgment in its favor would cause hardship or be unjust.

Accordingly, it is respectfully RECOMMENDED:

That Escambia County's Motion for Certification of Judgment Pursuant to Rule 54(b) (doc. 75) be DENIED.

At Pensacola, Florida, this 15th day of October, 2018.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties.  A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.